1
2
3
4
5
6
7
8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JASON THOR LEONARD,                    No.  2:23-CV-0601-DAD-DMC-P

12              Plaintiff,

13        v.                                ORDER

14   CALIFORNIA STATE PRISON –
     SACRAMENTO, et al.,
15
              Defendants.
16

17

18            Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42

19   U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

20            The Court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

23   initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.

24   Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

25   portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

26   be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

27   28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

28   complaints contain a ". . . short and plain statement of the claim showing that the pleader is

                                                   1

1    entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

2    concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

3    Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

4    of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

5    1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

6    overt acts by specific defendants which support the claims, vague and conclusory allegations fail

7    to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

8    required by law when the allegations are vague and conclusory.

9

10                              **I.  PLAINTIFF'S ALLEGATIONS**

11            Plaintiff, who has been released on parole, names the following as defendants: (1)

12   California State Prison – Sacramento; and (2) Best, a correctional officer.  See ECF No. 1, pg. 1.

13   Plaintiff alleges as follows:

14            On 4-1-2021 at 8:48 pm Correctional Officer Best #91082,
         purposely withheld my mail which included a letter from the IRS
15       regarding Covid relief economic funds.  Correctional Officer best #91082
         was very disrespectful to me during dinner tray pass out at around 4:55 pm
16       on 4-1-2021.  Correctional Officer Best withheld my mail as a form of
         reprisal.  There is video of C.O Best refusing to give me my mail between
17       8:30 pm and 8:55 pm on 4-1-2021.

18   ECF No. 1, pg. 3.

19   Plaintiff seeks compensatory damages and costs of suit.  See id.

20

21                                    **II.  DISCUSSION**

22            Plaintiff's complaint, as currently pleaded, appears to state a cognizable claim

23   based on interception of his mail, but otherwise is defective.  First, California State Prison –

24   Sacramento is immune from suit under the Eleventh Amendment.  Second, Plaintiff has failed to

25   allege sufficient facts to establish a retaliation claim.

26   / / /

27   / / /

28   / / /

1          **A.       Eleventh Amendment Immunity**

2                 The Eleventh Amendment prohibits federal courts from hearing suits brought

3    against a state both by its own citizens, as well as by citizens of other states.  See Brooks v.

4    Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition

5    extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't

6    of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th

7    Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state

8    agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782

9    (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

10                Plaintiff names the California State Prison – Sacramento as a defendant to this

11   action.  This institution is an arm of the California Department of Corrections and Rehabilitation

12   and, as such, is immune from suit under the Eleventh Amendment.

13         **B.       Mail**

14                Prisoners have a First Amendment right to send and receive mail.  See Witherow

15   v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Prison officials may intercept and censor

16   outgoing mail concerning escape plans, proposed criminal activity, or encoded messages.

17   See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266.  Based

18   on security concerns, officials may also prohibit correspondence between inmates.  See Turner v.

19   Safley, 482 U.S. 78, 93 (1987).  Prison officials may not, however, review outgoing legal mail for

20   legal sufficiency before sending them to the court.  See Ex Parte Hull, 312 U.S. 546, 549 (1941).

21   Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for example, is

22   not considered "legal mail."  See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended

23   by 135 F.3d 1318 (9th Cir. 1998).

24                Specific restrictions on prisoner legal mail have been approved by the Supreme

25   Court and Ninth Circuit.  For example, prison officials may require that mail from attorneys be

26   identified as such and open such mail in the presence of the prisoner for visual inspection.  See

27   Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. MacDougall, 656 F.2d 527, 528

28   (9th Cir. 1981).  Whether legal mail may be opened outside the inmate's presence, however, is an

1    open question in the Ninth Circuit.  See Sherman, 656 F.2d at 528; cf. Mann v. Adams, 846 F.2d

2    589, 590-91 (9th Cir. 1988) (per curiam) (concluding mail from public agencies, public officials,

3    civil rights groups, and news media may be opened outside the prisoner's presence in light of

4    security concerns).  At least three other circuits have concluded that legal mail may not be opened

5    outside the inmate's presence.  See id. (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976),

6    Back v. Illinois, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and Smith v. Robbins, 452 F.2d 696

7    (1st Cir. 1972)); see also Samonte v. Maglinti, 2007 WL 1963697 (D. Hawai'i July 3, 2007)

8    (recognizing open question).

9              Plaintiff does not allege that Defendant Best interfered with legal mail.  Rather,

10   Plaintiff claims that Defendant Best intercepted and refused to give to Plaintiff mail directed to

11   him from the Internal Revenue Service.  Construing Plaintiff's complaint liberally, the Court

12   finds that Plaintiff has stated a cognizable claim against Defendant Best based on denial of his

13   First Amendment right to receive mail.

14         **C.     Retaliation**

15             In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must

16   establish that he was retaliated against for exercising a constitutional right, and that the retaliatory

17   action was not related to a legitimate penological purpose, such as preserving institutional

18   security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting

19   this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the

20   exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995);

21   Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also

22   show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by

23   the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also

24   Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must

25   establish the following in order to state a claim for retaliation: (1) prison officials took adverse

26   action against the inmate; (2) the adverse action was taken because the inmate engaged in

27   protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the

28   adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

1        As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not

2 alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm

3 that is more than minimal will almost always have a chilling effect." Id. at n.11.  By way of

4 example, the court cited Pratt in which a retaliation claim had been decided without discussing

5 chilling.  See id.  This citation is somewhat confusing in that the court in Pratt had no reason to

6 discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate

7 penological interests.  See Pratt, 65 F.3d at 808-09.  Nonetheless, while the court has clearly

8 stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse

9 action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also

10 Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action

11 which is more than minimal satisfies this element.  Thus, if this reading of Rhodes is correct, the

12 chilling effect element is essentially subsumed by adverse action.

13        Here, Plaintiff claims that Defendant Best intercepted his mail "as a form of

14 reprisal."  This could constitute an adverse action.  Plaintiff has not, however, alleged any facts to

15 show that this alleged conduct was due to Plaintiff having engaged in a protected activity of

16 which Defendant Best was aware.  Plaintiff will be provided leave to amend to clarify this claim.

17

18       **III.  CONCLUSION**

19        Because it is possible that the deficiencies identified in this order may be cured by

20 amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

21 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

22 amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

23 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the

24 prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An

25 amended complaint must be complete in itself without reference to any prior pleading.  See id.

26 ///

27 ///

28 ///

5

1            If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

2    conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

3    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

4    each named defendant is involved, and must set forth some affirmative link or connection

5    between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

6    164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7            Because the complaint appears to otherwise state cognizable claims, if no amended

8    complaint is filed within the time allowed therefor, the Court will issue findings and

9    recommendations that the claims identified herein as defective be dismissed, as well as such

10   further orders as are necessary for service of process as to the cognizable claims.

11           Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended

12   complaint within 30 days of the date of service of this order.

13

14   Dated:  August 15, 2023

15                                DENNIS M. COTA

16                                UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28