1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JASON THOR LEONARD,

        Plaintiff,

    v.

CALIFORNIA STATE PRISON –
SACRAMENTO, et al.,

        Defendants.

No.  2:23-CV-0601-DAD-DMC-P

<u>FINDINGS AND RECOMMENDATIONS</u>

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint.  <u>See</u> ECF No. 8.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  <u>See</u> <u>Olivas v. Nevada ex rel. Dep't of Corr.</u>, 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1

1    entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

2    concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

3    Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

4    of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

5    1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

6    overt acts by specific defendants which support the claims, vague and conclusory allegations fail

7    to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

8    required by law when the allegations are vague and conclusory.

9

10                                    **I.  BACKGROUND**

11          A.      **Procedural History**

12               Plaintiff initiated this action while in custody by filing a pro se complaint on

13   March 30, 2023.  See ECF No. 1.  Plaintiff named the following as defendants: (1) California

14   State Prison – Sacramento (CSP-Sac.); and (2) Best, a correctional officer CSP-Sac.  See ECF

15   No. 1, pg. 1.  Plaintiff alleged as follows:

16               On 4-1-2021 at 8:48 pm Correctional Officer Best #91082,
           purposely withheld my mail which included a letter from the IRS
17         regarding Covid relief economic funds.  Correctional Officer Best #91082
           was very disrespectful to me during dinner tray pass out at around 4:55 pm
18         on 4-1-2021.  Correctional Officer Best withheld my mail as a form of
           reprisal.  There is video of C.O. Best refusing to give me my mail between
19         8:30 pm and 8:55 pm on 4-1-2021.

20               ECF No. 1, pg. 3.

21               On August 15, 2023, the Court determined that Plaintiff's original complaint stated

22   a cognizable claim against Defendant Best based on interference with Plaintiff's mail.  See ECF

23   No. 7.  The Court concluded, however, that Plaintiff failed to state any claim against Defendant

24   Best based on alleged "reprisal" and that Plaintiff's claim against Defendant CSP-Sac. fails

25   because the prison is immune under the Eleventh Amendment.  See id.  Plaintiff was provided an

26   opportunity to amend and filed the operative first amended complaint on September 21, 2023.

27   See ECF No. 8.

28   / / /

                                            2

1      **B.      Plaintiff's First Amended Complaint**

2              As with the original complaint, Plaintiff, who has been released on parole since

3      initiating this action, continues to name CSP-Sac. and Best as defendants.  See ECF No. 8, pg. 1.

4      Plaintiff newly alleges that Defendant Best denied him Kosher meals on April 1, 2021.  See id. at

5      2.  Plaintiff alleges this deprived him of religious accommodation.  See id.  Next, Plaintiff renews

6      the allegation in the original complaint that Defendant Best withheld a letter to Plaintiff from the

7      Internal Revenue Service.  See id.  Finally, Plaintiff renews his claim that Defendant Best acted to

8      retaliate against him.  See id. at 4.  According to Plaintiff, Defendant Best retaliated against

9      Plaintiff in order to punish him and "deter [Plaintiff] from engaging in constitutionally protected

10     activities."  Id.  Plaintiff seeks monetary damages only.  See id. at 5.

11

12                                    **II.  DISCUSSION**

13             The Court finds that Plaintiff's renewed claim against Defendant Best based on

14     interference with Plaintiff's mail on April 1, 2021, is cognizable.  The Court also finds that

15     Plaintiff's new claim that Defendant Best denied him Kosher meals on April 1, 2021, is also

16     cognizable.  Both appear to state claims based on violations of Plaintiff's rights under the First

17     Amendment to free speech and free exercise of religion.  By separate order, the Court will direct

18     service of process on Defendant Best as to these two claims.

19             Plaintiff's claim against CSP-Sac. cannot proceed because, as previously

20     explained, the prison is immune under the Eleventh Amendment.  Plaintiff's retaliation claim also

21     remains deficient because Plaintiff continues to fail to allege facts showing that Defendant Best

22     acted because Plaintiff engaged in protected activity.  The Court now recommends that CSP-Sac.

23     be dismissed as a defendant, that Plaintiff's retaliation claim be dismissed, and that this action

24     proceed on the first amended complaint as to Plaintiff's free speech and free exercise claims only.

25     / / /

26     / / /

27     / / /

28     / / /

                                          3

1

A.      **Eleventh Amendment Immunity**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

Plaintiff names CSP-Sac. as a defendant to this action.  This institution is an arm of the California Department of Corrections and Rehabilitation and, as such, is immune from suit under the Eleventh Amendment and must be dismissed with prejudice.

B.      **Retaliation**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

/ / /

4

1    Here, Plaintiff claims that Defendant Best intercepted his mail and denied Kosher

2  meals in order to punish Plaintiff and chill Plaintiff from exercising his constitutional rights in the

3  future.  As with the original complaint, Plaintiff still has not alleged any facts to show that

4  Defendant Best's conduct was due to Plaintiff having engaged in a protected activity of which

5  Defendant Best was aware before the events of April 1, 2021.  Given the Court's prior order

6  advising Plaintiff of this defect and the applicable legal standards and given Plaintiff's continued

7  failure to plead sufficient facts to establish a retaliation claim against Defendant Best, the Court

8  finds that further amendment would be futile.

9  / / /

10  / / /

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

### III. CONCLUSION

2          Because it does not appear possible that the deficiencies identified herein can be

3   cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of

4   the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

5          Based on the foregoing, the undersigned recommends as follows:

6          1.      This action proceed on Plaintiff's first amended complaint as to his First

7   Amendment claims against Defendant Best arising from denial of Kosher meals and interference

8   with mail on April 1, 2021

9          2.      California State Prison – Sacramento be dismissed with prejudice as an

10  immune defendant.

11         3.      Plaintiff's retaliation claim be dismissed with prejudice for failure to state a

12  claim upon which relief can be granted.

13         These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

15  after being served with these findings and recommendations, any party may file written

16  objections with the court.  Responses to objections shall be filed within 14 days after service of

17  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

18  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19

20  Dated:  May 22, 2024

21                                                            _____

22                                                            DENNIS M. COTA
                                                             UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28